IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
JANE DOE,                          )    Civil No.  05-658-JE
                                   )
          Plaintiff,               )
                                   )
     v.                            )    FINDINGS AND
                                   )    RECOMMENDATION
JOHN JOSEPH FORD, JOHN DOE,        )
and JEFFERSON COUNTY,              )
                                   )
          Defendants.              )
_____)
```

Erin K. Olson
806 S.W. Broadway, Suite 800
Portland, OR 97205-3310
    Attorney for Plaintiff

Robert E. Franz, Jr.
Jason M. Montgomery
P. O. Box 62
Springfield, OR 97477
    Attorneys for Defendants


JELDERKS, Magistrate Judge:

FINDINGS AND RECOMMENDATION - 1

Plaintiff Jane Doe brings this action asserting claims for alleged violation of her civil rights, sexual battery, and negligence against defendants John Joseph Ford, John Doe, and Jefferson County. Defendants move to strike several of defendants' affirmative defenses. The motion should be granted in part and denied in part as set out below.

## ALLEGATIONS AND CLAIMS

While she was 17 years old, plaintiff was incarcerated in the Jefferson County Jail. Plaintiff was in the physical custody of defendant Ford, a Jefferson County deputy sheriff. Plaintiff alleges that from approximately June 15, 2003, through approximately July 15, 2003, defendant Ford had "unwanted physical and sexual contact with Plaintiff in her assigned cell at the Jefferson County Jail on approximately 7-10 occasions, consisting of kissing and of contact with Plaintiff's breasts, buttocks, and genitalia." Plaintiff alleges that defendant John Doe opened plaintiff's cell door to allow defendant Ford to enter the cell on several of those occasions.

Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 against defendant Jefferson County, a claim pursuant to § 1983 against defendants Doe and Ford, a claim of sexual battery against defendant Ford, and a claim of negligence against defendant Jefferson County.

**PENDING MOTION**

In its answer, defendant Jefferson County asserts twelve affirmative defenses. Plaintiff moves to strike all or portions of defendant Jefferson County's second, third, fourth, sixth, seventh, and eighth affirmative defenses "on the grounds that they are immaterial and/or impertinent as a matter of law or contain scandalous material."

**DISCUSSION**

1. <u>Second affirmative defense</u>

Defendant Jefferson County's second affirmative defense asserts that plaintiff "had the duty to avoid or mitigate the harm alleged in her complaint, and she had the duty to use such means as were reasonable under the circumstances to avoid or minimize the damages she now complains and to avoid seducing corrections officers." The second affirmative defense adds that plaintiff failed to prevent harm that could have been avoided by, among other actions:

-implying and saying that she would enjoy a sexual affair with defendant Ford;
-engaging in sexual activities with defendant Ford;
-flirting with defendant Ford;
-having sexual conversations with defendant Ford;

FINDINGS AND RECOMMENDATION - 3

-playing, groping, and rubbing the "private parts" of defendant Ford;

-taking off her clothes in front of defendant Ford; and

-kissing the lips of defendant Ford.

Plaintiff contends that statements that "blam[e] an incarcerated minor female for sexual contact by an adult male prison guard in salacious detail under a notice-pleading standard constitute[] scandalous material that should be stricken.

Defendant Jefferson County asserts that plaintiff is a registered sex offender who has been convicted of the sexual molestation of a five-year-old girl. It adds that plaintiff was in jail at the time relevant to the present action as a result of her sexual acts against the five-year-old girl, and that, though she was 17 years old at the time, she was lodged in jail as an adult. Defendant Jefferson County contends that plaintiff's sexual contact with defendant Ford was consensual, and that, because plaintiff was old enough to consent to sexual activity under the common law, whether plaintiff was mature enough to consent to sexual activity with defendant Ford will be an issue for the jury that considers the § 1983 claim. This defendant asserts that "[i]t makes no sense, and there is no legal justification, to say that the plaintiff can be treated as an adult for the sexual crimes she committed

when she was seventeen; and then turn around and say that the plaintiff could not consent to her own voluntary sexual acts because she was seventeen."

This argument fails. In deciding whether the affirmative defense of consent should be stricken, I need not reach the broader question whether courts should ever recognize sexual contact between an inmate and her jailor as truly "consensual." Here, it is sufficient to note that the mere fact that a juvenile may have been deemed able to possess the culpable state of mind required to <u>commit</u> a sexual crime does not mean that she may validly consent to be the victim of a sexual crime perpetrated by the adult in whose custody she is held. Under Oregon law, a person under 18 years of age is, by statute, incapable of consenting to a sexual act. ORS § 163.315(1)(a). Oregon courts have explicitly held that an individual's "incapacity to consent under ORS 163.315(1) extends to civil cases." <u>Wilson v. Tobiassen</u>, 97 Or. App. 527, 534, 777 P.,2d 1379 (1989) (<u>citing</u> <u>Hough v. Iderhoff</u>, 69 Or. 568, 139 P. 931 (1914); Restatement (Second) Torts, § 892C(2) (1979)). The fact that an individual under the age of 18 may have committed a sexual crime against another does not alter that conclusion and erase the statutory incapacity to validly consent.

Because plaintiff could not validly consent to sexual contact with defendant Ford, the motion to strike the defense

FINDINGS AND RECOMMENDATION - 5

of consent and failure to mitigate and the related allegations of plaintiff's invitation, and provocation, and initiation of sexual activity on Ford's part should be granted.

2. Third affirmative defense

Defendant Jefferson County's third affirmative defense alleges that plaintiff's claims are barred by 42 U.S.C. § 1997e(a) "and the rules of Jefferson County for her failure to exhaust administrative remedies available to her under the laws, rules, and codes of the State of Oregon, Jefferson County, and the Jefferson County Jail, and for her failure to complete or seek a review of any of her claims through administrative review, state court review or appellate review."

The provision of the Prison Litigation Reform Act which defendant cites requires prisoners to exhaust administrative remedies before bringing actions alleging that conditions of their confinement violate rights secured under the laws of the United States. Plaintiff correctly notes that this requirement applies only to prisoners. E.g., Grieg v. Goord, 169 F.3d 165, 167 (2nd Cir. 1999) (holding that individuals are not "prisoners" for purposes of § 1997e(a) following release from confinement). In her memorandum submitted in support of the motion to strike, plaintiff states that she is not a prisoner.

FINDINGS AND RECOMMENDATION - 6

Defendant does not dispute plaintiff's assertion that the exhaustion requirement on which the third affirmative defense is based applies only to those who are incarcerated when an action is filed, but asserts that its third affirmative defense should stand unless discovery establishes that plaintiff was not a prisoner when she filed this action.

I construe plaintiff's assertion that she is not a prisoner as plaintiff's representation that she also was not a prisoner when this action was filed. Accordingly, I recommend granting the motion to strike defendant's third affirmative defense, with the qualification that defendant Jefferson County will have leave to reassert that defense if it is later determined that plaintiff was a prisoner when this action was filed.

3. <u>Fourth affirmative defense</u>

Defendant Jefferson County's fourth affirmative defense alleges that plaintiff's claims "should be reduced or barred because . . . her damages and injuries . . . were caused by her own fault, including, but not limited to" the flirtatious, seductive, and provocative conduct specified in the second affirmative defense, which is discussed above. Plaintiff contends that this defense should be stricken "[i]nasmuch as Jefferson County attempts to apply a contributory negligence defense to a claim under 42 U.S.C. § 1983 . . ." and cites

FINDINGS AND RECOMMENDATION - 7

statutes and case authority indicating that comparative fault does not apply to intentional torts. She does not appear to dispute the potential applicability of the fourth affirmative defense to her negligence claim.

Defendant Jefferson County asserts that plaintiff's alleged contributory negligence "is a defense to all of plaintiff's claims, except intentional acts." It asserts that the defense applies to plaintiff's negligence claim, and that "this defense can properly be limited to the non-intentional claims" when the pretrial order is prepared.

It appears that the parties agree that the fourth affirmative defense does not apply to plaintiff's claims of intentional wrong, but does apply to plaintiff's negligence claim. Plaintiff's motion to strike the fourth affirmative defense should therefore be granted as to the intentional claims and denied as to the negligence claim.

4. Sixth affirmative defense

Defendant Jefferson County's sixth affirmative defense alleges that plaintiff cannot recover damages because she "consented to or voluntarily engaged in all acts" of which she complains.

As noted above in the discussion of defendant Jefferson County's second affirmative defense, the incapacity of a person to consent to a sexual act because she is under the age

of 18, which is set out at ORS 163.315(1), extends to civil actions. Accordingly, plaintiff's motion to strike the sixth affirmative defense should be granted.

5. <u>Seventh and eighth affirmative defenses</u>

Defendant Jefferson County's seventh and eighth affirmative defenses allege, respectively, that Jefferson County is immune from liability pursuant to ORS 30.265(2) and ORS 30.265(3)(c). The former section provides that a public body is immune from liability for injury resulting from the act or omission of its officers, employees, or agents "when such officer, employee, or agent is immune from liability." The later section provides that public bodies are immune from liability for claims "based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

Plaintiff contends that, because the seventh and eighth affirmative defenses can be construed as applying to plaintiff's § 1983 claim, "they must be stricken since the Oregon Tort Claim Act does not apply to 1983 claims." Defendant Jefferson County asserts that, because plaintiff's negligence claim "is completely controlled by the Oregon Tort Claims Act," the statutory immunities set out in that Act apply.

It appears that the parties correctly agree that the seventh and eighth affirmative defenses do apply to plaintiff's negligence claim, and do not apply to plaintiff's § 1983 claim. Plaintiff's motion to strike those defenses is therefore construed as a motion to strike those defenses only as they might be applied to claims other than the negligence claim. The motion to strike the seventh and eighth affirmative defenses should be granted, with the clarification that these defenses are not stricken as to plaintiff's negligence claim.

## CONCLUSION

Plaintiff's motion to strike defendant Jefferson County's affirmative defenses (#8-1) should be GRANTED in part and DENIED in part. The motion to strike portions of the second affirmative defense should be GRANTED. The motion to strike should be GRANTED as to the third affirmative defense, and defendant Jefferson County should be granted leave to reassert this defense if discovery indicates that plaintiff was a prisoner when this action was filed. The motion to strike the fourth affirmative defense should be GRANTED as to the intentional claims and DENIED as to the negligence claim. The motion to strike the sixth affirmative defense should be GRANTED. The motion to strike the seventh and eighth affirmative defenses in part should be GRANTED, with the

clarification that these defenses are not stricken as to plaintiff's negligence claim.

**SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due August 23, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 5th day of August, 2005.

/s/ John Jelderks<br>
John Jelderks<br>
U.S. Magistrate Judge