UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JANE DOE,

       Plaintiff,                          Civil No. 05-658-PK

       v.                               O R D E R

JOHN JOSEPH FORD, JOHN DOE,
and JEFFERSON COUNTY,

       Defendants.

HAGGERTY, Chief Judge:

On August 5, 2005, Magistrate Judge Jelderks issued a Findings and Recommendation [13] recommending that plaintiff's Motion to Strike [8] defendant Jefferson County's affirmative defenses should be granted in part and denied in part.[1] Defendant Jefferson County (the County) filed timely objections to the Findings and Recommendation [14].

///

///

---

[1] The court notes that this case has been reassigned to Magistrate Judge Papak for trial.

1 -- ORDER

This matter is now before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a Magistrate Judge. 28 U.S.C. § 636(b)(1). Within ten days of being served with a copy of the Findings and Recommendation, any party may file written objections and the court shall make a *de novo* determination of those portions of the Findings and Recommendation to which objections are made. *Id.* When a party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Findings and Recommendation. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The court has reviewed the record and the defendant's objections. Magistrate Judge Jelderks provided a thorough analysis of the facts and circumstances regarding this litigation, and the underlying facts need only be summarized here. For the reasons stated below, Magistrate Judge Jelderks' recommendations are sound, correct, and entitled to adoption.

**ANALYSIS**

1.  **A juvenile may not validly consent to be the victim of a sexual crime.**

Defendant Jefferson County (the County) argues that, as applied to an action under 42 U.S.C. § 1983, plaintiff's possible consent to the alleged sexual activities between plaintiff and defendant John Joseph Ford (Ford) is not an issue that should be determined by Oregon law.[2] Rather, the County contends that the issue of plaintiff's consent should be determined by a jury. Specifically, the County contends that "[i]t makes no sense, and there is no legal justification, to say that the plaintiff can be treated as an adult for the sexual crimes she committed when she was

---

[2] O.R.S. § 163.315(1)(a) states that a person under 18 years of age is, by statute, incapable of consenting to a sexual act.

seventeen; and then turn around and say that the plaintiff could not consent to her own voluntary sexual acts because she was seventeen."  Jefferson County's Objections to Findings and Recommendations (County's Objections) at 4.

The County cites two cases in support of their objection.  Both cases proffered by the County are unpersuasive.  The first case, *Frietas v. Ault*, 109 F.3d 1335, 1339 (8th Cir. 1997)(*Frietas*), dealt with an adult male inmate who brought, among other claims, a sexual harassment claim against a prison official who previously had been his intimate girlfriend.  The Eighth Circuit held against the inmate on his sexual harassment claim due to the voluntary nature of his relationship with the prison official.  *Id.*

In *Frietas,* the relevance of the plaintiff's consent as a bar against his sexual harassment claim was only valid because the plaintiff was, in fact, an adult with the legal capacity to consent to the sexual interactions in question.  The plaintiff's legal capacity to consent, as an adult, squarely distinguishes that case from the instant case.  Here, plaintiff was a minor when the alleged sexual interactions transpired.  Consequently, any consent to the alleged sexual interactions would have been rendered ineffective by virtue of her legal status pursuant to O.R.S. § 163.315(1)(a).

The second case put forth by the County, *Doe v. Taylor Independent School Dist.*, 15 F.3d 443 (5th Cir. 1994) (*Taylor*), dealt with the limitations of qualified immunity for school officials when their employees sexually abuse students.  As such, it offers little support to defendant's argument that a minor can consent to being victimized sexually by an adult.

///

///

The plaintiff in *Taylor* was a fifteen year old female student who had engaged in sexual intercourse with her Biology teacher. The Fifth Circuit acknowledged that the minor plaintiff had a constitutional right to be protected from physical sexual abuse by an adult teacher. The court did not hold that a minor's consent to the sexual interaction could bar a constitutional claim. Furthermore, neither *Taylor* nor *Frietas* held that the issue of a minor's consent to illegal sexual interaction should be determined by a jury rather than a state's statutory provisions regarding the legal age of valid consent.

Here, plaintiff was incapable of consenting to alleged sexual interactions with defendant Ford. Thus, plaintiff's alleged consent to the sexual interactions with defendant Ford lends no support to defendant's affirmative defenses that are based on such consent. Accordingly, defendant's objection is denied.

**CONCLUSION**

The Magistrate Judge's Findings and Recommendation [13] is ADOPTED. Plaintiff's Motion to Strike Defendant Jefferson County's Affirmative Defenses [8] is GRANTED in part and DENIED in part pursuant to the Findings and Recommendation's conclusions. The Motion to Strike portions of the second affirmative defense is GRANTED. The Motion to Strike the third affirmative defense is GRANTED, with the clarification that defendant Jefferson County should be granted leave to reassert the defense if discovery indicates that the plaintiff was a prisoner when this action was filed.

///
///

The Motion to Strike the fourth affirmative defense is GRANTED as to the intentional claims and DENIED as to the negligence claim. The Motion to Strike the sixth affirmative defense is GRANTED. The Motion to Strike the seventh and eighth affirmative defenses in part is GRANTED, with the clarification that these defenses are not stricken as to plaintiff's negligence claim.

IT IS SO ORDERED.

Dated this 8 day of February, 2006.

/s/Ancer L.Haggerty

Ancer L. Haggerty
United States District Judge